IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 20-63-RGA |
| | : | |
| TYSHAUN BLUE., | : | |
| | : | |
| Defendant. | : | |

MEMORANDUM ORDER

I took under advisement Defendant's motion in limine. (D.I. 30). The Government filed a reply (D.I. 36), which I have read. I looked at the court of appeals cases cited by the Government in support of the argument that the Government should be able to refer to the Defendant as a felon (as opposed, I imagine, to a person who was convicted of a crime punishable by imprisonment in excess of one year). Although the Government string cites cases in support of its argument, the appellate cases do not support it.

For example, *United States v. Silva*, 889 F.3d 704 (10th Cir. 2018), is a case where the defendant wanted to deviate from the statutory language and have the jury be told that he was a "prohibited person."[1] The Court of Appeals held that the district court did not abuse its discretion in rejecting that offer. Here, as I understand it, Defendant is stipulating to the exact statutory language. No element of the offense is being withheld from the jury. Nor is any element being altered.

---

[1] I think this is also the linchpin of the decision in *United States v. Clark*, 184 F.3d 858, 867 (D.C. Cir. 1999).

*United States v. Chevere*, 368 F.3d 120, 121 (2d Cir. 2004), is a case where the issue was whether Defendant could "entirely withhold" an element of the offense from the jury's consideration. That is not the issue here.

While I was looking through the Government's cited cases, I noticed the existence of *United States v. Belk*, 346 F.3d 305 (2d Cir. 2003), which seems pretty close to this case. The defendant made a similar stipulation; the "only disputed issue for the jury . . . was . . . possession of a weapon that had traveled in interstate commerce." *Id*. at 308. The court of appeals noted that the district court "conscientiously and carefully took precautions to protect defendant from undue prejudice. . . . To further reduce prejudice, the Court . . . instructed the Government 'to refrain from characterizing [defendant] as a "convicted felon" in its arguments at trial.'" *Id*. at 311.[2] Thus, while I doubt that I am required to accede to Defendant's request, I think I have the discretion to do so, and I think it would be in the interest of justice that I do so.

I also looked at the district court cases cited by the Government. I disagree with *United States v. Hauck*, 2011 WL 13168137 (M.D. Pa. 2011). There the court said that the Defendant being a "convicted felon" was relevant to the charge. I would describe "convicted felon" as being at best cumulative when Defendant is stipulating that he had previously been convicted of a crime punishable by imprisonment for more than one year. The court also noted the Black's Law Dictionary definition of "felony" as "a serious crime usually punishable by imprisonment for more than one year or by death." It is that little added flavor—a serious crime—that is inherent in "felony" that makes it prejudicial. That is why Defendant is seeking to exclude it.

One thing that has escaped me is why the Government objects so much. It is not like the United States Attorney's Office in Delaware to argue for something prejudicial without a good

---

[2] I am uncertain exactly how close what the district judge in *Belk* did is to what I am doing. It is similar enough, I think, for me to follow that judge's example.

reason.  The only thing I can think of, which some of the cases at least hint at, is that referring to the defendant as a felon is an easy shorthand way of referring to the relevant element of the crime.  But, given the stipulation, there is no particular need to be able to refer to that shorthand with any frequency, and therefore I do not think it will be unduly cumbersome (or confusing, as the Government suggests) not to do so.

      Thus, I will grant Defendant's motion in limine.  (D.I. 30).

      IT IS SO ORDERED this 14th day of April 2021.

/s/ Richard G. Andrews<br>
United States District Judge